UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID CAMPBELL,

   Plaintiff,

  v.

FOREST PRESERVE DISTRICT OF
COOK COUNTY, ILLINOIS,

   Defendant.

No. 13 C 845

Judge Thomas M. Durkin

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Campbell filed a claim against defendant Forest Preserve District of Cook County, Illinois (the "District"), alleging that the District violated his civil rights when it terminated his employment on the basis of his race in violation of 42 U.S.C. § 1981. The District has moved to dismiss the complaint as barred by the statute of limitations and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 26. For the reasons stated below, the District's motion is granted.

In his initial complaint filed on February 1, 2013, Campbell alleged violations of both § 1981 and § 1983, and that the District had fired him exactly two years earlier on February 1, 2011. R. 1 ¶¶ 1, 14. The District filed a summary judgment motion pointing out that Campbell was actually fired on September 21, 2010, R. 16; R. 18 at 1-2, meaning that his § 1983 claim was barred by the applicable two-year statute of limitations. *See Kalimara v. Ill. Dep't of Corr.*, 879 F.2d 276, 277 (7th Cir.

1989) ("Illinois' two-year period [is] the appropriate statute of limitations" for § 1983 claims.); *Ousley v. Cook County*, 2013 WL 1632044, at *1 n.2 (N.D. Ill. Apr. 12, 2013) ("Illinois-based Section 1983 actions have a two-year statute of limitations[.]").

Campbell amended his complaint to allege only a claim under § 1981, since such a claim is still within § 1981's four-year statute of limitations period. *See* 28 U.S.C. § 1658(a) ("[A]n Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues."); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 383 (2004) (holding that actions arising under the 1991 amendment to § 1981 are subject to a four-year statute of limitations pursuant to 29 U.S.C. § 1658).

The District argues that Campbell's complaint should be dismissed as barred by the two-year statute of limitations applicable to § 1983 claims. R. 27 at 2-4. The District reasons that this is the applicable statute of limitations even though Campbell brings his claim under § 1981, because § 1981 claims against state actors, such as the District, are only actionable through § 1983. R. 27 at 3.

Campbell, of course, argues that he has a right of action under § 1981 against the District separate from § 1983. In *Jett v. Dallas Independent School District*, 491 U.S. 701, 731 (1989), the Supreme Court held that § 1981 does not provide a private right of action against state actors like the District. But in 1991, Congress amended § 1981 by adding subsection (c), which states that the rights secured by § 1981 "are protected against impairment by nongovernmental discrimination and impairment

2

under color of State law." The Ninth Circuit has held that this amendment created a right of action against state actors, *see Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996), and two older cases from this district reached the same conclusion. *See Ford v. City of Rockford*, 1992 WL 309603, at *2 (N.D. Ill. Oct. 15, 1992); *Jackson v. City of Chicago*, 1996 WL 734701, at *8 (N.D. Ill. Dec. 18, 1996).

In the ensuing years, however, six Circuit Courts and a number of district courts in this Circuit have found that claims against state actors asserting violations of rights protected by § 1981 must still be brought under section § 1983. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 120 (3d Cir. 2009) ("Nothing in the 1991 amendments or its legislative history evinces Congress's desire to alter the Supreme Court's conclusion in *Jett*. . . ."); *Arendale v. City of Memphis*, 519 F.3d 587, 599 (6th Cir. 2008) ("[N]o independent cause of action against municipalities is created by § 1981(c)."); *Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006) ("We therefore conclude that even after the 1991 amendments to § 1981, damages claims against state actors for § 1981 violations must be brought under § 1983."); *Oden v. Oktibbeha County*, 246 F.3d 458, 464 (5th Cir. 2001) ("[W]e are not willing to deviate from the Supreme Court's analysis of § 1981 in *Jett*."); *Butts v. County of Volusia*, 222 F.3d 891, 894 (11th Cir. 2000) ("[Section] 1981(c) makes clear that the section creates a right that private or state actors may violate but does not itself create a remedy for that violation."); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 n.1 (4th Cir. 1995) ("We do not believe that this aspect of *Jett* was

3

affected by the Civil Rights Act of 1991, which added subsection (c) to § 1981."); *Myers v. Joliet Twp. High Sch. Dist.*, 2013 WL 3874057, at *4 n.4 (N.D. Ill. July 26, 2013); *Harrison v. Ill. Dep't of Transp.*, 2011 WL 2470626, at *5 n.2 (N.D. Ill. June 21, 2011); *Renta v. Cook County*, 735 F. Supp. 2d 957, 975 n.7 (N.D. Ill. 2010); *Tevebaugh v. City of Indianapolis*, 2010 WL 987726, at *2 (S.D. Ind. Mar. 15, 2010); *Greater Indianapolis Chapter of N.A.A.C.P. v. Ballard*, 741 F. Supp. 2d 925, 941 (S.D. Ind. 2010). The Seventh Circuit has yet to weigh in on this question.[1]

Due to the lack of guidance from the Seventh Circuit, a court in this district recently examined the issue in detail and concluded that the 1991 amendment did not create a right of action under § 1981. *See De v. City of Chicago*, 912 F. Supp. 2d 709 (N.D. Ill. 2012) (Castillo, J.). In *De*, Judge Castillo reviewed the legislative history of the 1991 amendment in order to discern Congress's intent. *See Ind. Prot. and Advocacy Servs. v. Ind. Family and Social Servs. Admin.*, 603 F.3d 365, 375 (7th Cir. 2010) ("To determine whether a cause of action exists, 'the judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy.'" (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001))). In amending § 1981 to include subsection (c), Congress intended "to codify *Runyon v. McCrary*, 427 U.S. 160 (1976), in which the Supreme Court held that § 1981 prohibited intentional racial discrimination in private, as well as public, contracting." *De*, 912 F. Supp. 2d at 729

---

[1] *Naficy v. Ill. Dep't of Human Servs.*, 697 F.3d 504, 509 n.3 (7th Cir. 2012) (noting that "it is questionable whether this portion of *Jett*['s] [holding] survived the 1991 amendments to § 1981," but not ruling on the issue because the it was not before the court).

4

(citing H.R.Rep. No. 102-40(II), at 37 (1991), 1991 U.S.C.C.A.N. at 731). But *Runyon* did not purport to create a right of action under § 1981. Further, "[t]here is nothing in the 1991 amendments or their legislative history that suggests that Congress intended to alter the Supreme Court's decision in *Jett* or displace its holding that § 1983 provides the sole remedy for violations of § 1981 by state actors." *De*, 912 F. Supp. 2d at 729.

The Court agrees with Judge Castillo's reasoning in *De*, and the Court will follow the majority of Circuit Courts in holding that § 1981 does not provide a right of action against state actors. Campbell's complaint must be dismissed for this reason. Campbell is not permitted to replead under § 1983 because he has already done that once in his original complaint and such a claim would be barred by the statute of limitations.

**Conclusion**

For the reasons stated above, the District's motion to dismiss, R. 26, is granted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: August 28, 2013

5